IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LAVICIEIA STURDIVANT**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **FINANCIAL RECOVERY SERVICES, INC.**, ) | Case No. 1:10-cv-02572 |
| ) | Judge William J. Hibbler |
| Defendant. ) | |

## ANSWER AND AFFIRMATIVE DEFENSES OF FINANCIAL RECOVERY SERVICES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Financial Recovery Services, Inc. ("FRS"), by and through its undersigned counsel, as and for its Answer to the Complaint ("Complaint") of Plaintiff Lavicieia Sturdivant ("Plaintiff"), in the above-captioned matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

**Answer: In response to paragraph 1 of Plaintiff's Complaint, FRS admits that Plaintiff bases her Complaint on the FDCPA. FRS denies that it violated the FDCPA.**

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**Answer: In response to paragraph 2 of Plaintiff's Complaint, FRS admits that it may have acted through its employees. To all other extents, FRS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

**Answer: In response to paragraph 3 of Plaintiff's Complaint, FRS admits that statutes referenced confer jurisdiction upon this Honorable Court, but denies that it violated any law that would subject FRS to said jurisdiction.**

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

**Answer: FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 4 of Plaintiff's Complaint.**

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

**Answer: FRS admits the allegations set forth in paragraph 5 of Plaintiff's Complaint.**

**6.** Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

**Answer: In response to paragraph 6 of Plaintiff's Complaint, FRS admits that the statutes referenced provide for declaratory relief in some instances, but denies that declaratory relief is available in this matter.**

7. Plaintiff is a natural person residing in Evanston, Cook County, Illinois.

**Answer: FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint.**

8. Plaintiff is a person within the meaning of 15 U.S.C. 1692d.

**Answer: FRS denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.**

9. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

**Answer: In response to paragraph 9 of Plaintiff's Complaint, FRS admits that at times it is "debt collector" as defined by the FDCPA but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a corporation located in Bloomington, McLean County, Illinois.

**Answer: FRS denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.**

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

**Answer: FRS admits the allegations set forth in paragraph 11 of Plaintiff's Complaint.**

12. Defendant constantly and continuously placed collection calls to Plaintiff seeking and demanding payment for an alleged debt owed by Plaintiff's sister Whitney, calling daily for several weeks, multiples times per day.

**Answer: FRS lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 12 of Plaintiff's Complaint.**

13. Plaintiff has informed Defendant on multiple occasions that she does not owe the debt; however, Defendant has continued to call Plaintiff after being apprised of such information.

**Answer: FRS denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.**

14. Defendant placed collection calls to Plaintiff on her home phone of 847-864-9926 and calls Plaintiff from 877-740-9746.

**Answer: FRS denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.**

15. Defendant is rude and abusive towards Plaintiff in its communications regarding the alleged debt owed by her sister.

**Answer: FRS denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.**

16. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

    b. Defendant violated §1692d(2) of the FDCPA by using language the natural consequence of which was the abuse of the Plaintiff; and

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

**Answer: FRS denies the allegations set forth in paragraph 16 of Plaintiff's Complaint, and all its subparts.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

**SECOND DEFENSE**

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which FRS denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**THIRD DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which FRS denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any claim of damages and/or liability against FRS.

**WHEREFORE,** FRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against FRS with prejudice and on the merits; and,

2. Awarding FRS such other and further relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | MOSS & BARNETT<br>A Professional Association |
| Dated: May 14, 2010 | By   /s/ Michael S. Poncin<br>     John K. Rossman (Minn. #244831)<br>     Michael S. Poncin (Minn. #296417)<br>     James R. Bedell (Minn. #351544)<br>4800 Wells Fargo Center<br>90 South Seventh Street<br>Minneapolis  MN  55402-4129<br>Telephone:  (612) 877-5000<br>Facsimile:  (612) 877-5999<br>E-Mail:  RossmanJ@moss-barnett.com<br>E-Mail:  PoncinM@moss-barnett.com<br>E-Mail:  BedellJ@moss-barnett.com<br><br>*Attorneys for Defendant Financial Recovery Services, Inc.* |

1596416v1

**WHEREFORE,** FRS prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against FRS with prejudice and on the merits; and

2. Awarding FRS such other and further relief as the Court deems just and equitable.

                                        Respectfully submitted,

                                        /s/ Michael S. Poncin
                                        One of the attorneys for Defendant

John K. Rossman
Michael S. Poncin
James R. Bedell
MOSS & BARNETT, PA
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402

1596416v1